UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

SUZANNE ARTEAGA, an individual,

Plaintiff,

vs.

CROWTHER ROOFING AND SHEET METAL OF FLORIDA, INC.,
a Florida Corporation, d/b/a CROWTHER ROOFING AND COOLING,

Defendant.
_______________________________________________/

**COMPLAINT**

1. Plaintiff, SUZANNE ARTEAGA (hereinafter referred to as "Plaintiff" and "ARTEAGA"), was an employee of Defendant, CROWTHER ROOFING AND SHEET METAL OF FLORIDA, INC., a Florida Corporation d/b/a CROWTHER ROOFING AND COOLING (referred to as "Defendant" or "CROWTHER ROOFING AND COOLING"), and brings this action against Defendant for alleged Sex/Gender discrimination and Retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq.,* and the Florida Civil Rights Act (FCRA), F.S. §760.01 *et seq.*

2. ARTEAGA is a Sixty-Two (62) year old Female individual who at all times material to this Complaint resided in Cape Coral, Florida and worked for CROWTHER ROOFING AND COOLING in Fort Myers, Florida in Lee County, within the jurisdiction of this Court.

3. At all times material to this Complaint, CROWTHER ROOFING AND COOLING had its corporate headquarters in Fort Myers, Florida and has owned, managed, and operated a

residential and commercial roofing business based at 2543 Rockfill Road, Fort Myers, Florida 33916 in Lee County within the jurisdiction of this Court.

4. Jurisdiction is conferred on this Court by 28 U.S.C. §1337, §1367 and 42 U.S.C. §2000.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in Lee County, within the jurisdiction of the United States District Court for the Middle District of Florida.

6. At all times material to this action, ARTEAGA was an employee of CROWTHER ROOFING AND COOLING within the meaning of Title VII, 42 U.S.C. §2000e(f), and the FCRA, F.S. §760.10(1)(a).

7. At all times material to this action, CROWTHER ROOFING AND COOLING had Fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the calendar year(s) 2023, 2024, 2025, and 2026.

8. In approximately March 2023, ARTEAGA began working for CROWTHER ROOFING AND COOLING as a Project Manager.

9. At all times material to this action, CROWTHER ROOFING AND COOLING was an employer of ARTEAGA within the meaning of Title VII, 42 U.S.C. §2000e(b), and the FCRA, F.S. §760.02(7).

10. Between approximately March 2023 and December 2024, ARTEAGA satisfactorily performed her essential job duties as a Project Manager for CROWTHER ROOFING AND COOLING and Plaintiff was paid gross wages in the years 2023-2024 based upon a salary approximately $98,800/year plus bonus and subsequently paid by Defendant based upon an annual salary in 2025 of $104,000//year plus bonus.

11. Between approximately March 2023 and February 2025, ARTEAGA satisfactorily performed her essential job duties as a Project Manager for CROWTHER ROOFING AND COOLING.

12. In March 2025, ARTEAGA suffered a workplace injury during the course and scope of her employment CROWTHER ROOFING AND COOLING when Plaintiff tripped and fell, suffering a left shoulder fracture.

13. Between March 2025 and June 2025, ARTEAGA satisfactorily performed her essential job duties as a Project Manager for CROWTHER ROOFING AND COOLING.

14. Up until approximately late May 2025, ARTEAGA's direct supervisor was CROWTHER ROOFING AND COOLING's Operations Manager, Ross Metzger, until Mr. Metzger resigned from his employment with the company.

15. In late May 2025, Daniel Dominguez, who had previously worked as CROWTHER ROOFING AND COOLING's Superintendent, replaced Ross Metzger as Operations Manager, and ARTEAGA began reporting to Mr. Dominguez.

16. Between approximately late May 2025 and late June 2025, ARTEAGA was subjected to disparate treatment and discrimination by CROWTHER ROOFING AND COOLING because of Plaintiff's sex/gender, Female, because Daniel Dominguez had a gender bias against ARTEAGA as a Female, as part of which Plaintiff was, *inter alia*: (i) treated differently by CROWTHER ROOFING AND COOLING, (ii) excluded from pertinent information regarding jobs the company was handling which ARTEAGA needed to carry out her duties as a Project Manager; and (iii) subjected to derogatory, sexist comments by Mr. Dominguez against ARTEAGA because of her sex/gender, Female—such as, by way of example—"You shouldn't be doing that, let the guys handle it"—because Mr. Dominguez was seemingly threatened by

ARTEAGA's knowledge and experience while he did not view Plaintiff as capable of serving as a Project Manager because Plaintiff was a woman.

17. In June 2025, ARTEAGA discussed with Nicole Crowther, a member of management at CROWTHER ROOFING, the sex/gender discrimination by Daniel Dominguez against Plaintiff because ARTEAGA was a Female and Nicole Crowther directed Plaintiff to speak directly with CROWTHER ROOFING AND COOLING's Chief Executive Officer, with Lee Crowther, about ARTEAGA's internal sex/gender discrimination complaint.

18. On June 18, 2025, ARTEAGA sent Lee Crowther an e-mail requesting to meet with him about Plaintiff's internal sex/gender discrimination complaint as a Female employee.

19. On June 19, 2025, while ARTEAGA was speaking with Daniel Dominguez, Lee Crowther came into ARTEAGA's office at CROWTHER ROOFING AND COOLING, and after Mr. Dominguez left the office, ARTEAGA reported to Lee Crowther on June 19th that Plaintiff was being subjected to disparate treatment by Daniel Dominguez because of discrimination against ARTEAGA based upon Plaintiff being Female.

20. On June 24, 2025, after ARTEAGA found out that CROWTHER ROOFING AND COOLING was interviewing people for Plaintiff's position—specifically four (4) male individuals—ARTEAGA made another sex/gender discrimination complaint to Lee Crowther because of the ongoing sex/gender discrimination against Plaintiff because she was Female, at which time Mr. Crowther questioned Plaintiff about who else at the company ARTEAGA had reported sex/gender discrimination to and Mr. Crowther told ARTEAGA that information Plaintiff been given by Human Resources should not have been disclosed to ARTEAGA because it purportedly was "not my concern."

21. On June 26, 2025, CROWTHER ROOFING AND COOLING's Human Resources Director, Jason O'Flaherty, notified ARTEAGA that Defendant was terminating Plaintiff's employment.

22. The reasons proffered and/or relied upon by CROWTHER ROOFING AND COOLING in June 2025 for terminating ARTEAGA's employment were false and known to be false by Defendant at the time of Plaintiff's termination and instead were a pretext for unlawful (a) disparate treatment and discrimination because of ARTEAGA's sex/gender, Female; and (b) retaliation against ARTEAGA for her internal sex/gender discrimination complaints to CRWORTHER ROOFING AND COOLING, all in violation of Title VII and FCRA.

23. Based upon information and belief, between approximately May 2025 and June 2025, CROWTHER ROOFING AND COOLING treated employees who were Male more favorably than ARTEAGA because of discrimination by Defendant against Plaintiff based upon ARTEAGA's sex/gender, Female.

24. All conditions precedent to the institution of the claims in this Complaint have either occurred or been waived.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

25. On December 31, 2025, ARTEAGA dual filed a Charge of Discrimination against CROWTHER ROOFING AND COOLING with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR), Charge No. 510-2026-03047, alleging sex/gender discrimination and retaliation by CROWTHER ROOFING AND COOLING against ARTEAGA in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq*. and the Florida Civil Rights Act (FCRA), F.S. §760.01 *et seq.* A copy of

ARTEAGA's EEOC Charge of Discrimination, Charge No. 510-2026-03047, is attached hereto as Exhibit A.

26. On or around July 6, 2026, the EEOC issued a Notice of Right to Sue to ARTEAGA in connection with EEOC Charge No. 510-2026-03047, see Exhibit B.

27. As of September 23, 2026, more than One Hundred and Eighty (180) days have passed since the filing of ARTEAGA's Charge of Discrimination and the FCHR did not issue any determination concerning ARTEAGA's Charge. As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," ARTEAGA has exhausted all administrative remedies under Florida as well as Federal law.

28. ARTEAGA's Complaint with this Court is being filed on September 23, 2026, within approximately Seventy-Nine (79) days of ARTEAGA's receipt of the Notice of Right to Sue in connection with Charge No. 510-2026-03047, and Plaintiff exhausted all administrative remedies on the claims pled in this Complaint.

29. All conditions precedent to the institution of this action have either occurred or been waived.

## COUNT I
## SEX/GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *ET SEQ.*

Plaintiff, SUZANNE ARTEAGA, reasserts and reaffirms the allegations of Paragraphs 1 through 29 as if fully set forth herein and further states that this is an action against Defendant, CROWTHER ROOFING AND SHEET METAL OF FLORIDA, INC., d/b/a CROWTHER

ROOFING AND COOLING, for Sex/Gender (Female) discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

30. Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex ..." 42 U.S.C. §2000e-2(a)(1).

31. Between approximately May 2025 and June 2025, ARTEAGA was subjected to disparate treatment and discrimination by CROWTHER ROOFING AND COOLING because of Plaintiff's sex/gender, Female, because Daniel Dominguez had a gender bias against ARTEAGA as a Female, as part of which Plaintiff was, *inter alia*: (i) treated differently by CROWTHER ROOFING AND COOLING, (ii) excluded from pertinent information regarding jobs the company was handling which ARTEAGA needed to carry out her duties as a Project Manager; (iii) subjected to derogatory, sexist comments by Mr. Dominguez against ARTEAGA because of her sex/gender, Female—such as, by way of example—"You shouldn't be doing that, let the guys handle it"—because Mr. Dominguez was seemingly threatened by ARTEAGA's knowledge and experience while he did not view Plaintiff as capable of serving as a Project Manager because Plaintiff was a woman; and (iv) terminated on June 26, 2025 as a Project Manager for reasons which were false and a pretext for discrimination against ARTEAGA because of her sex/gender, Female, all in violation of 42 U.S.C. §2000e-2(a)(1).

32. Between approximately May 2025 and June 2025, Defendant treated Male employees more favorably than ARTEAGA because of discrimination against Plaintiff based upon ARTEAGA's sex/gender, Female, in violation of 42 U.S.C. §2000e-2(a)(1).

33. A motivating factor behind CROWTHER ROOFING AND COOLING's termination of ARTEAGA's employment on June 26, 2025 was Plaintiff's sex/gender, Female, in violation of 42 U.S.C. §2000e-2(a)(1).

34. CROWTHER ROOFING AND COOLING's termination of ARTEAGA's employment on June 26, 2025 was for one or more reasons that Defendant knew to be false and were instead a pretext to attempt to cover up discrimination by Defendant against Plaintiff because of her sex/gender, Female, in violation of 42 U.S.C. §2000e-2(a)(1).

35. CROWTHER ROOFING AND COOLING's violations of Title VII were intentional and were done with malice and reckless disregard for ARTEAGA's rights as guaranteed under the laws of the United States.

36. ARTEAGA has suffered lost earnings and employment benefits, emotional distress, loss of self-esteem, and other damages as a direct result of CROWTHER ROOFING AND COOLING's violations of 42 U.S.C. §2000e-2(a)(1).

37. Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), ARTEAGA is entitled to recover her reasonable attorneys' fees and costs from CROWTHER ROOFING AND COOLING.

WHEREFORE, Plaintiff, SUZANNE ARTEAGA, demands judgment against Defendant, CROWTHER ROOFING AND SHEET METAL OF FLORIDA, INC., d/b/a CROWTHER ROOFING AND COOLING, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as the Honorable Court deems proper.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *ET SEQ.***

Plaintiff, SUZANNE ARTEAGA, reasserts and reaffirms the allegations of Paragraphs 1 through 29 as if fully set forth herein and further states that this is an action against Defendant, CROWTHER ROOFING AND SHEET METAL OF FLORIDA, INC., d/b/a CROWTHER ROOFING AND COOLING, for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

38. Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

39. ARTEAGA reasonably and in good faith believed between approximately May 2025 and June 2025 that she was being subjected to unlawful disparate treatment and sex/gender discrimination against Plaintiff based upon ARTEAGA's sex/gender, Female.

40. ARTEAGA engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a), when Plaintiff submitted internal sex/gender discrimination complaints (a) to Nicole Crowther in June 2025; (b) on June 18, 2025 when ARTEAGA sent Lee Crowther an e-mail requesting to meet with him about Plaintiff's internal sex/gender discrimination complaint as a Female employee; (c) on June 19, 2025 when ARTEAGA made an internal sex/gender discrimination complaint directly to Lee Crowther in person; and (d) on June 24, 2025 when ARTEAGA again made another internal sex/gender discrimination complaint directly to Lee Crowther in person.

41. CROWTHER ROOFING AND COOLING subjected ARTEAGA to retaliation for Plaintiff exercising her rights under Title VII, including but not necessarily limited to when Defendant unlawfully terminated ARTEAGA's employment on June 26, 2025 in violation of 42 U.S.C. §2000e-3(a) just days after ARTEAGA's internal sex/gender discrimination complaints to Defendant because Plaintiff was Female.

42. In retaliation for ARTEAGA's good faith opposition to and complaints to CRWOTHER ROOFING AND COOLING's management about unlawful sex/gender discrimination and disparate treatment against Plaintiff because of her sex/gender, Female, CROWTHER ROOFING AND COOLING terminated Plaintiff's employment on June 26, 2025 for one or more reasons that were false and a pretext for unlawful retaliation against Plaintiff in violation of Title VII, 42 U.S.C. §2000e-3(a).

43. The fact that ARTEAGA engaged in activity protected by Title VII in June 2025 was a motivating factor in CROWTHER ROOFING AND COOLING's termination of Plaintiff's employment on June 26, 2025, in violation of 42 U.S.C. §2000e-3(a).

44. CROWTHER ROOFING AND COOLING's unlawful retaliation against ARTEAGA was intentional and done with malice and reckless disregard for ARTEAGA's rights as guaranteed under Title VII. As such, ARTEAGA is entitled to punitive damages against CROWTHER ROOFING AND COOLING pursuant to 42 U.S.C. §1981a(a)(1).

45. As a direct and proximate result of CROWTHER ROOFING AND COOLING's unlawful retaliation against ARTEAGA, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of CROWTHER ROOFING AND COOLING's violations of 42 U.S.C. §2000e-3(a).

46. Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), ARTEAGA is entitled to recover her reasonable attorneys' fees and costs from CROWTHER ROOFING AND COOLING.

WHEREFORE, Plaintiff, SUZANNE ARTEAGA, demands judgment against Defendant, CROWTHER ROOFING AND SHEET METAL OF FLORIDA, INC., d/b/a CROWTHER ROOFING AND COOLING, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT III
## SEX/GENDER DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, SUZANNE ARTEAGA, reasserts and reaffirms the allegations set forth in paragraphs 1 through 29 above and further states that this is an action against Defendant, CROWTHER ROOFING AND SHEET METAL OF FLORIDA, INC., d/b/a CROWTHER ROOFING AND COOLING, for Sex/Gender Discrimination in violation of Florida Statutes §760.10(1).

47. The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, pregnancy, national origin, age, handicap, or marital status." F.S. §760.10(1)(a).

48. At all times material to this action, ARTEAGA has been an aggrieved person within the meaning of F.S. §760.02(10).

49. Between approximately May 2025 and June 2025, ARTEAGA was subjected to disparate treatment and discrimination by CROWTHER ROOFING AND COOLING because of Plaintiff's sex/gender, Female, because Daniel Dominguez had a gender bias against ARTEAGA as a Female, as part of which Plaintiff was, *inter alia*: (i) treated differently by CROWTHER ROOFING AND COOLING, (ii) excluded from pertinent information regarding jobs the company was handling which ARTEAGA needed to carry out her duties as a Project Manager; (iii) subjected to derogatory, sexist comments by Mr. Dominguez against ARTEAGA because of her sex/gender, Female—such as, by way of example—"You shouldn't be doing that, let the guys handle it"—because Mr. Dominguez was seemingly threatened by ARTEAGA's knowledge and experience while he did not view Plaintiff as capable of serving as a Project Manager because Plaintiff was a woman; and (iv) terminated on June 26, 2025 as a Project Manager for reasons which were false and a pretext for discrimination against ARTEAGA because of her sex/gender, Female, all in violation of the FCRA, F.S. §760.10(1).

50. Between approximately May 2025 and June 2025, Defendant treated Male employees more favorably than ARTEAGA because of discrimination against Plaintiff based upon ARTEAGA's sex/gender, Female, in violation of the FCRA, F.S. §760.10(1).

51. CROWTHER ROOFING AND COOLING's termination of ARTEAGA's employment on June 26, 2025 was for one or more reasons that Defendant knew to be false and were instead a pretext to attempt to cover up discrimination by Defendant against Plaintiff because of her sex/gender, Female, in violation of the FCRA, F.S. §760.10(1).

52. CROWTHER ROOFING AND COOLING's violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for ARTEAGA's rights as

guaranteed under the laws of the State of Florida, such that ARTEAGA is entitled to punitive damages against Defendant pursuant to F.S. §760.11(5).

53. ARTEAGA has suffered lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of CROWTHER ROOFING AND COOLING's violations of F.S. §760.10(1).

54. Pursuant to F.S. §760.11(5), ARTEAGA is entitled to recover her reasonable attorneys' fees and costs from CROWTHER ROOFING AND COOLING as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, SUZANNE ARTEAGA, demands judgment against Defendant, CROWTHER ROOFING AND SHEET METAL OF FLORIDA, INC., d/b/a CROWTHER ROOFING AND COOLING, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as the Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, SUZANNE ARTEAGA, reasserts and reaffirms the allegations set forth in paragraphs 1 through 29 above and further states that this is an action against Defendant, CROWTHER ROOFING AND SHEET METAL OF FLORIDA, INC., d/b/a CROWTHER ROOFING AND COOLING, for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

55. Under the Florida Civil Rights Act, F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person

has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

56. At all times material to this action, ARTEAGA has been an aggrieved person within the meaning of F.S. §760.02(10).

57. ARTEAGA reasonably and in good faith believed between approximately May 2025 and June 2025 that she was being subjected to unlawful disparate treatment and sex/gender discrimination against Plaintiff based upon ARTEAGA's sex/gender, Female.

58. ARTEAGA engaged in protected activity within the meaning of the FCRA, F.S. §760.10(7), when Plaintiff submitted internal sex/gender discrimination complaints (a) to Nicole Crowther in June 2025; (b) on June 18, 2025 when ARTEAGA sent Lee Crowther an e-mail requesting to meet with him about Plaintiff's internal sex/gender discrimination complaint as a Female employee; (c) on June 19, 2025 when ARTEAGA made an internal sex/gender discrimination complaint directly to Lee Crowther in person; and (d) on June 24, 2025 when ARTEAGA again made another internal sex/gender discrimination complaint directly to Lee Crowther in person.

59. CROWTHER ROOFING AND COOLING subjected ARTEAGA to retaliation for Plaintiff exercising her rights under the FCRA, including but not necessarily limited to when Defendant unlawfully terminated ARTEAGA's employment on June 26, 2025 in violation of F.S. §760.10(7) just days after ARTEAGA's internal sex/gender discrimination complaints to Defendant because Plaintiff was Female.

60. In retaliation for ARTEAGA's good faith opposition to and complaints to CRWOTHER ROOFING AND COOLING's management about unlawful sex/gender discrimination and disparate treatment against Plaintiff because of her sex/gender, Female,

CROWTHER ROOFING AND COOLING terminated Plaintiff's employment on June 26, 2025 for one or more reasons that were false and a pretext for unlawful retaliation against Plaintiff in violation of the FCRA, F.S. §760.10(7).

61. The fact that ARTEAGA engaged in activity protected by the FCRA in June 2025 was a motivating factor in CROWTHER ROOFING AND COOLING's termination of Plaintiff's employment on June 26, 2025, in violation of the FCRA, F.S. §760.10(7).

62. As a direct and proximate result of CROWTHER ROOFING AND COOLING's unlawful retaliation against ARTEAGA, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of CROWTHER ROOFING AND COOLING's violations of the FCRA.

63. CROWTHER ROOFING AND COOLING's retaliation violations of §760.10(7) were intentional and were done with malice and reckless disregard for ARTEAGA's rights as guaranteed under the laws of the State of Florida, such that ARTEAGA is entitled to punitive damages against CROWTHER ROOFING AND COOLING pursuant to F.S. §760.11(5).

64. Pursuant to F.S. §760.11(5), ARTEAGA is entitled to recover her reasonable attorneys' fees and costs from CROWTHER ROOFING AND COOLING.

WHEREFORE, Plaintiff, SUZANNE ARTEAGA, demands judgment against Defendant, CROWTHER ROOFING AND SHEET METAL OF FLORIDA, INC., d/b/a CROWTHER ROOFING AND COOLING, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**JURY TRIAL DEMAND**

SUZANNE ARTEAGA demands trial by jury on all issues so triable.

Dated: September 23, 2026

Respectfully submitted,

By: **KEITH M. STERN**

Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone: (305) 901-1379
Fax: (561) 288-9031
Attorneys for Plaintiff